NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**22-812**

**STATE OF LOUISIANA**

**VERSUS**

**WILLIAM JASON MCGEE**

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 18-1615
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

**GUY E. BRADBERRY**
**JUDGE**

**********

Court composed of Ledricka J. Thierry, Guy E. Bradberry, and Wilbur L. Stiles, Judges.

**APPEAL DISMISSED; DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**J. Reed Walters**
**District Attorney**
**1683 N. Second Street**
**Jena, LA  71342**
**COUNSEL FOR:**
    **State of Louisiana**

**William Jason McGee, 6526**
**Dorm - G**
**499 Old Columbia Rd.**
**Harrisonburg, LA 71340**
**COUNSEL FOR:**
    **William Jason McGee**

**BRADBERRY, Judge.**

On August 23, 2019, Defendant, William Jason McGee, pled guilty to two counts of Distribution of Methamphetamine, violations of La.R.S. 40:967 A(1), and was sentenced to ten years at hard labor on each count. The sentences were ordered to be served consecutively to each other but concurrently with time being served on a revocation. Defendant did not ask for a reconsideration of his sentence nor did he appeal. Therefore, his conviction and sentence became final in September 2019. La.Code Crim.P. art. 914.

Defendant filed a "Motion to Amend or Modify Sentence Pursuant to LA. C.Cr.P. Art. 822 & LA. 15:308" on September 15, 2022. On September 27, 2022, the State filed a motion to dismiss Defendant's motion based on it being filed after the delays for Defendant-Appellant to seek post-conviction relief had expired. On September 28, 2022, the trial court dismissed Defendant's motion.

On October 10, 2022, Defendant filed a notice of appeal with the trial court seeking an appeal of the trial court's dismissal of his motion to amend. The trial court granted the appeal on the same date.

On December 16, 2022, this court lodged the appeal record. On January 4, 2023, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable. *See* La.Code Crim.P. art. 930.6(A).

On January 23, 2023, Defendant timely filed his response to the rule to show cause wherein he admits he "did not ask for reconsideration of his sentence, did not file an appeal within 30 days, nor did he file a post conviction relief within two years of his conviction becoming final." However, Defendant argues that the trial court should not have dismissed his arguments because he can prove an exception to the time limitation under La.Code Crim.P. art. 930.8(A)(1).

It is the content of the pleading, not its caption, that determines its nature. *State ex rel. Daley v. State*, 97-2612 (La. 11/7/97), 703 So.2d 32. Based on the arguments raised, we find Defendant's motion is more properly construed as an application for post-conviction relief and is subject to La.Code Crim.P. art. 930.6(A), which states: "The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief. No appeal lies from a judgment dismissing an application or otherwise denying relief."

Further, La.Code Crim.P. art. 912(C)(1) provides the right of judicial review by application to the court of appeal for a writ of review when a judgment is not appealable. As Defendant is seeking review of the trial court's September 28, 2022 ruling denying his "Motion to Amend or Modify Sentence Pursuant to LA. C.Cr.P. Art. 822 & LA. 15:308," the proper manner for review of this ruling is a supervisory writ. La.Code Crim.P. arts. 912.1(C)(1) and 930.6(A).

Accordingly, we hereby dismiss Defendant's appeal. Defendant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant is not required to file a notice of intent to seek writs or obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED; DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.